UNITED STATES of America, Plaintiff–Appellee,

v.

Wilson Kane PATZER, aka Willie Patzer, Defendant–Appellant.

No. 93–8009.

United States Court of Appeals, Tenth Circuit.

Dec. 8, 1993.

Aleksander D. Radich, Assistant United States Attorney (Richard A. Stacy, United States Attorney, on the brief), Cheyenne, Wyoming, for appellee.

Richard Poffenbarger (Richard A. Hampe on the brief), Cheyenne, Wyoming, for appellant.

Before MOORE, BARRETT and GOODWIN *, Circuit Judges.

BARRETT, Senior Circuit Judge.

Wilson Kane Patzer appeals from the judgment entered by a magistrate judge following a nonjury trial. Patzer was found guilty of six counts of outfitting on National Forest Service System (NFSS) lands and two counts of filming big game motion pictures on NFSS lands without a special use authorization, all in violation of 36 C.F.R. §§ 251.50(a), 261.-10(c) and 261.1b, and one count of outfitting on NFSS lands without being licensed by the State of Wyoming as an outfitter in violation of 36 C.F.R. §§ 261.8(a) and 261.1b. Patzer was sentenced to two years of probation, fined $1,000, ordered to pay restitution in the sum of $1,593.75, and banned from recreational activity on any NFSS lands for a period of two years. This ban did not, however, preclude Patzer from continuing to work for the United States Forest Service as a fence repair contractor.

### Background

Patzer organized "The Backcountry Sportsman's Club" (Club) in the winter of 1985–86. The Club's avowed purpose was "primarily spiritual" with the "[a]dditional purposes ... to promote conservation of the wilderness areas, promote awareness and the proper usage of federal lands and provide an opportunity for membership to participate in hunting, fishing and packing in a non-compensation.

* The Honorable Alfred T. Goodwin, Senior Judge, Ninth Circuit Court of Appeals, sitting by desig-

mercial atmosphere." (Brief of Appellant at 2). Patzer was not paid for his work in Club activities and the work of the Club was shared by all its members. *Id.* at 2–3. However, Patzer leased equipment and animals to the Club for which the Club paid him "rent equal to 75% of the Club membership fees paid each month." (Appendix of Appellant, # 7 at 4). Patzer "declared the equipment rental income he received from the Club and took deductions on his individual tax returns." *Id.*

Prior to trial the parties stipulated that: Patzer had checked and was familiar with Forest Service special use requirements for outfitter and guide permits; Patzer had checked and was familiar with Wyoming's Board of Outfitters licensing requirements, and Patzer had video-recorded some of the Club's hunting activities on NFSS lands without applying for or obtaining a Forest Service special use permit. Within its amended findings of fact and recommendation, the magistrate judge found:

> During a hunting trip, all members, including the defendant, shared the duties of cooking and gathering wood. The defendant would track game and lead the members to the game. He shared his hunting and camping expertise with the members on the hunt through his instructions and assistance. Local members also acted as guides to comply with the Wyoming law requiring one resident guide for each two non-resident hunters.

> According to the pretrial stipulations between the parties, the defendant and members of the Club participated in hunting trips on the dates and places set forth in Counts One, Two, Four through Seven, and Count Ten. The stipulation also states that neither the defendant nor the Club purchased a United States Forest Service special use permit for outfitters, or a Wyoming outfitter's license for any of the hunts described in Counts One, Two, Four through Seven, and Count Ten.

(Appendix of Appellant, # 7 at 5–6).

Patzer's motions to dismiss and for judgement of acquittal at the close of the case were denied by the magistrate judge.

*Contentions on Appeal*

On appeal, Patzer contends that: he was denied his constitutional right to a jury trial; 36 C.F.R. §§ 251.50(a), 251.51, and 261 are void for vagueness; he was not outfitting or guiding within the meaning of the Forest Service regulations; the Wyoming Outfitter and Guides Act does not come within the purview of 36 C.F.R. § 261.8(a); the magistrate judge's judgment restraining him from entering NFSS lands for a period of two years amounted to a form of incarceration beyond the scope of the Sentencing Reform Act of 1984; the Wyoming Outfitter and Guides Act is void for vagueness and as a bill of attainder; and Count One, as applied, created an *ex post facto* application of the law.

I.

Patzer contends that he was denied his constitutional right to a trial by jury. Patzer contends that this issue was raised by his "motion[s] to dismiss," numbers 3 and 4 in his Appendix. The substantive portion of Patzer's motions, which are identical, is as follows:

**MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE ENTIRE CASE**

**COMES NOW,** the above-named Defendant, Wilson Kane Patzer, by and through counsel, and most respectfully moves this Honorable Court to enter Judgment of Acquittal at the close of the entire case on the grounds that to this point in the proceedings, the evidence adduced is insufficient to sustain a conviction on any offense charged in any Court in which Defendant is named.

Patzer's assertion that the above motion raised the issue that he was denied his constitutional right to a trial by jury is a flagrant misrepresentation of the record. The motion is clearly limited to a challenge of the sufficiency of the evidence. Since "we have consistently refused invitations to consider new issues on appeal," *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 721 (10th Cir. 1993), and since we "will generally not ad-

dress issues that were not considered and ruled upon by the district court," *Farmers Insurance Company v. Hubbard*, 869 F.2d 565, 570 (10th Cir.1989), we shall not address Patzer's contention that he was denied his constitutional right to a trial by jury.

## II.

 Patzer contends that Counts One through Ten "are all invalid and void due to vagueness at specified sections of the Code of Federal Regulations under which [he] was charged." (Brief of Appellant at 8). Whether a statute has been rendered unconstitutionally vague in its application is an issue of law and our standard of review is *de novo. United States v. Agnew*, 931 F.2d 1397, 1403 (10th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 237, 116 L.Ed.2d 193 (1991).

Patzer was charged with violating, inter alia, 36 C.F.R. §§ 251.50(a) and 261.10(c) by engaging in a commercial service, outfitting and filming motion pictures on NFSS lands, without a special use authorization. Under § 251.50(a), all uses of NFSS land except those provided for in the regulations governing timber, minerals and the grazing of livestock are designated special uses and must be approved by any authorized officer. § 261.10(c) prohibits anyone from "[s]elling or offering for sale any ... kind of work activity or service, unless authorized by Federal law, regulation, or special-use authorization."

Although Patzer was charged with violating §§ 251.50 and 261.10(c), his contention that the ten counts were "all invalid and void due to vagueness" is predicated on § 251.51, Definitions. Patzer argues that the prior definitions of what types of groups and/or individuals needed special use permits were much clearer and easier to understand than the present definitions. Patzer argues that the term "group event" which is defined in § 251.51 as "an organized or publicized activity involving, or expected to attract, 25 or more persons and the use of National Forest System lands, resources or facilities," could "encompass nearly anything." (Brief of Appellant at 10). Patzer further argues that "[b]y no possible or plausible stretch of the English language can it possibly be contend-

ed that the new amended definition of 'what groups need special use permits' is clear, understandable, or anything the reasonable and average person would not have to guess at." *Id.* As such, according to Patzer, counts one through ten are invalid and void for vagueness.

The government responds that Patzer's allegation that the entire information should have been dismissed because the term "group event" is vague, is meritless. The government argues that "[n]ot only [is the definition of group event] clear; more importantly, it is inapplicable to this case because it did not form the basis of the charges against Patzer." (Brief of Appellee at 17). We agree.

Patzer was not charged with participating in a group event as defined in § 251.51. Rather, he was charged with engaging in a commercial service, outfitting and filming motion pictures on NFSS lands without a special use authorization in violation of §§ 251.50(a) and 261.10(c). Under such circumstances, Patzer's contention that counts one through ten "are all invalid and void due to vagueness at specified sections of the Code of Federal Regulations under which defendant was charged" is totally without merit.

## III.

 Patzer contends that he was not outfitting or guiding within the meaning of the Forest Service regulations. Patzer argues, quoting 55 Fed.Reg. 14446 (1990), that:

... a review of the Agency's enforcement of outfitting and guiding activities ... clarifies that the activity is *for financial remuneration or other gain.* This revision would make clear that groups such as a YMCA pack trip with a paid staff person, who may need a permit for a recreation event, do not need an additional outfitter/guiding permit to conduct such activities. (Emphasis supplied).

Patzer argues that since he formed the Club "to create an atmosphere in which he could witness to others about his Christian faith," (Brief of Appellant at 11), and since he was not operating for a profit but was merely being reimbursed for expenses incurred by

the Club, he was not outfitting or guiding under the Forest Service regulations.

■ "On the mixed question of whether the facts satisfy the proper legal standard, we conduct a *de novo* review if the question primarily involves the consideration of legal principles and apply the clearly erroneous standard if the question is primarily a factual inquiry." *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 572 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991). Inasmuch as our inquiry is primarily factual in nature, i.e., whether Patzer engaged in outfitting and guiding within the meaning of Forest Service regulations, the magistrate judge's findings will be reviewed under the clearly erroneous standard. Pivotal in this determination is whether Patzer was engaged in outfitting and guiding for "financial remuneration or other gain." 55 Fed.Reg. 14446 (1990), *supra.*

In considering whether Patzer's arguments that he was not engaged in outfitting and hunting was within the meaning of the Forest Service regulations, the magistrate judge found:

> The defendant led groups of Club members onto National Forest System lands for the purpose of hunting big game animals. The defendant provided pack animals and hunting equipment for the Club in exchange for seventy-five percent of the membership dues *which he declared as income on his tax returns....*
>
> Guiding is defined as "the provision of assistance such as supervision, protection, education, training, transportation, interpretation and guiding services. It includes such personal services as leading, teaching, cooking, packing, or otherwise assisting recreationists in their pursuit of a natural resource based outdoor recreation experience." Forest Service Manual 2721.53c(1) (plaintiff's exhibit 8). The facts demonstrate that the defendant provided assistance to Club members by supervising group hunting trips. The defendant also provided education, training, transportation and guiding services. Therefore, *the defendant provided guiding services on National Forest System lands.*

> Outfitting "[i]ncludes the provision of equipment, supplies, livestock, and materials. It includes such outfitting services as rental of boats, skis, horses, tents, and other equipment or gear." Forest Service Manual 2721.53c(2), July 1987 (plaintiff's exhibit 8). The facts demonstrate that the defendant provided horses, tack, camping and packing equipment to Club members participating in group hunting trips. The defendant also provided the service of renting horses, tack and camping equipment to the Club. Therefore, *the defendant was an outfitter* and was required to obtain a special use permit to conduct outfitting activities and services on Forest Service land. (Emphasis supplied).

We hold that the magistrate judge's findings that Patzer received income for leading Club members onto NFSS lands and that he engaged in guiding and outfitting services on said lands were not clearly erroneous.

## IV.

■ Patzer contends that the Wyoming Outfitters and Guides Act, Wyo.Stat. §§ 23-2-401, et seq., does not come within the purview of 36 C.F.R. § 261.8(a) and that there was no basis supporting his conviction under Count Ten of the indictment, which charged that Patzer had engaged in the business of outfitting without being licensed by the State of Wyoming in violation of 36 C.F.R. §§ 261.8(a) and 261.1b.

§ 261.8(a) provides that "[t]he following are prohibited to the extent Federal or State law is violated ... [h]unting, trapping, fishing, catching, molesting, killing or having in possession any kind of wild game...." Patzer argues that "under the context of this case, the regulation [§ 261.8(a)] means that 'hunting is prohibited to the extent Federal or State [hunting] law is violated.'" (Brief of Appellant at 14).

It is uncontested that Patzer was hunting for purposes of Count Ten. The magistrate judge found that "[a]ccording to the pretrial stipulations between the parties, the defendant and members of the Club participated in hunting trips on the dates and places set forth in Counts One, Two, Four through

Seven and Count Ten." (Appendix of Appellant, # 7 at 6). Moreover, Patzer does not challenge the magistrate judge's findings that "[t]he defendant, acting as president of the Club, provided outfitting services," (Appendix of Appellant, Tab 7 at 12), and that "[n]either the defendant or the Club obtained a Wyoming outfitter's license to conduct outfitting services." *Id.*

We hold that Patzer's unlicensed outfitting activities, which constituted a violation of Wyoming's Outfitters and Guides Act, ("[n]o person shall hold himself out as, engage in the capacity of an outfitter ... unless he is licensed as an outfitter ... pursuant to this act," Wyo.Stat. § 23–2–407(a)), established a violation of § 261.8(a) as charged in Count Ten.

### V.

■ Patzer contends that the portion of his sentence which restrains him from recreational activity on NFSS lands for two years is a form of incarceration which is beyond the Sentencing Reform Act of 1984.

The judgment under which Patzer was sentenced included:

> FURTHER ORDERED that while on probation, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this Court.... [and] shall comply with the following additional provisions:
>
> *The defendant is prohibited from outfitting and recreational activity on any United States Forest land or National Parks anywhere in the State of Wyoming or the United States;*

(Appellant's Appendix, Tab 8 at 2) (Emphasis supplied).

While acknowledging that "[t]he United States Code [18 U.S.C. § 3563] specifically provides for both mandatory and discretionary conditions of probation," (Brief of Appellant at 17), Patzer nevertheless argues that one "can only speculate about which specific portions of the Sentencing Reform Act of 1984," *id.*, were used by the magistrate judge

in prohibiting him from recreational activity on national forest lands for two years. Patzer concludes that "the most likely source seems to be" 18 U.S.C. § 3563(b)(6)–(b)(7) which provide that the court may require that the defendant:

> (6) refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances;
>
> (7) refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons;

Patzer argues that although the Act allows the court to impose conditions of probation, the court may only "impose a sentence [which is] sufficient, but not greater than necessary," under 18 U.S.C. § 3553(a). Patzer further contends that the magistrate judge abused his discretion by prohibiting him from recreational activity on NFSS lands for a period of two years, because the condition was "greater than necessary," and that the only reason the magistrate judge imposed this condition in this case where the charges were petty in nature was to "teach him a lesson." (Brief of Appellant at 19).

The government responds that the condition of probation imposed herein did not constitute a form of incarceration, and that Patzer's hours are not structured by others inasmuch as Patzer is free to continue his work as a contract fence repairman for the Forest Service.

The Sentencing Guidelines define a "sentence of imprisonment" as a "sentence of incarceration." U.S.S.G. § 4A1.2(b). In *United States v. Vanderlaan*, 921 F.2d 257, 259 (10th Cir.1990), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1429, 113 L.Ed.2d 481 (1991), we held:

> This [§ 4A1.2(b)] suggests that physical confinement is a key distinction between sentences of imprisonment and other types of sentences.... Although not spelled out in any further detail, a "sentence of incarceration" may be contrasted with other

types of criminal sentences identified in the guidelines—such as probation, fines, and supervised release.... These types of sentences do not require that an offender be continuously confined in a federal institution.

Applying *Vanderlaan* to our case, we hold that portion of Patzer's sentence prohibiting him from recreational activity on NFSS lands for two years was not a form of incarceration beyond the Sentencing Reform Act of 1984, nor did it constitute an abuse of discretion. On the contrary, we hold that it was, based on Patzer's past activities, a reasonable condition of probation imposed in accord with § 3563(b)(6) and (b)(7), *supra* (court may require that a defendant refrain from activity "bearing a reasonably direct relationship to the conduct constituting the offense" and "refrain from frequenting specified kinds of places.")

### VI.

Patzer contends that the Wyoming Outfitters and Guides Act is void both for vagueness and as a bill of attainder.

#### a.

■ Patzer contends that the Act "is vague in three aspects—it fails to inform the reader: (1) what is an 'outfitter?'; (2) what is "remuneration?"; and (3) what is a "person?" (Brief of Appellant at 20).

■ A penal statute is void for vagueness if it fails to " 'define the criminal offense with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited.' " *United States v. Easter,* 981 F.2d 1549, 1557 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993) quoting, *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), or "fails to 'establish minimal guidelines to govern law enforcement' so as to invite arbitrary and discriminatory enforcement." *Id.,* quoting *Kolender* at 358, 103 S.Ct. at 1858.

Patzer was charged in Count Ten with violating the Act, specifically, Wyo.Stat. §§ 23–2–406(a)(ii) and 23–2–407(a). § 23–2–406(a)(ii), which defines "outfitter," provides in part:

> ... a person including a hunting club, who advertises or holds himself out to the public for hire or remuneration to provide guide or packing services for the purpose of taking any big game animal....

Section 23–2–407(a), which makes it unlawful to engage in outfitting or guiding without a license provides:

> No person shall hold himself out as, engage in the business or act in the capacity of an outfitter or shall engage in the occupation of a professional guide as an independent contractor or as an agent or employee, unless he is licensed as an outfitter or professional guide pursuant to this act.

We reject Patzer's contention that the Act is void for vagueness. The Act is clear on its face. It defines "outfitter" in concise terms. The Act's clarity is not undermined by its failure to define "person" and "remuneration." Without question, the Act defined the criminal offense, i.e., engaging in the business of or acting in the capacity of an outfitter without a license, "with sufficient definitiveness [so] that ordinary people can understand what conduct is prohibited." *Easter* 981 F.2d at 1557. We observe that Patzer stipulated that he had checked and was familiar with the Act.

Moreover, this is not a case in which "a statute's meaning ... [is] plain on it face [but] ... unconstitutionally vague in application." *United States v. Agnew,* 931 F.2d 1397, 1403 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 237, 116 L.Ed.2d 193 (1991). Count Ten charged Patzer in clear and concise language with "hold[ing] himself out as, engage[d] in the business or act[ing] in the capacity of an outfitter in violation of Wyo.Stat. §§ 23–2–406(a)(ii), 23–2–407(a)." (Appendix of Appellant, Tab 1 at 5).

#### b.

■ Patzer contends that the Wyoming Outfitters and Guides Act is void as a bill of attainder.

In 1991, the term "outfitter" as defined in § 23–2–406(a)(ii), was amended to include "a

hunting club." Patzer argues that "[t]his amendment acts as a bill of attainder because it specifically singled out appellant's hunting club and punished the appellant." (Brief of Appellant at 24). Patzer further argues that "[a] hunting club is adjudged guilty of outfitting, merely because it is called 'a hunting club,' not because of the activities in which it is engaged." *Id.*

The government responds that Patzer's contention that the Act is void as a bill of attainder is without merit. The government argues that the Act addresses and penalizes certain conduct, not membership in any group, and that "[h]unting clubs, like individual outfitters, can lawfully operate within the state provided they are licensed pursuant to the provisions contained in the Act." (Brief of Appellee at 24). We agree.

█ A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protection of judicial trial." *Selective Service v. Minnesota Public Interest Research Group,* 468 U.S. 841, 846–47, 104 S.Ct. 3348, 3351–52, 82 L.Ed.2d 632 (1984), quoting, *Nixon v. Administrator of General Services,* 433 U.S. 425, 468, 97 S.Ct. 2777, 2802, 53 L.Ed.2d 867 (1977). The Act's 1991 amendment of the term "outfitter" so as to include "a hunting club" in no way "determine[d] guilt and inflict[ed] punishment upon an identifiable individual without provision of the protection of judicial trial." Rather, the amendment merely expanded the meaning of a specific term in the Act.

## VII.

█ Patzer contends that Count One of the information was an *ex post facto* application of the law. Count One charged that "[o]n or about October 7, 1987 ... in the Shoshone National Forest, in the District of Wyoming ... Patzer ... d/b/a Backcountry Sportsman's Club, did conduct a commercial service, to wit: outfitting, without a special-use authorization; In violation of 36 C.F.R. §§ 251.50(a), 261.10(c), and 261.1b." (Appendix of Appellant, Tab 1 at 1). Patzer was charged under the regulations as amended in 1988.

Prior to 1988, special use authorization was not required for the noncommercial use or occupancy of NFSS lands or facilities under §§ 251.50 and 251.51 except for "special events and recreational events." Recreational events were defined "as event involving competition, entertainment, or training such as, but not limited to animal or vehicle races or rallies, dog trials, fishing contests, rodeos, fairs, regattas, and games." (Brief of Appellant at 28). "Special events are meeting for the expression or exchange of views or judgments." *Id.*

§§ 251.50 and 251.51 were amended in 1988. As amended, special use authorization was not required for the noncommercial use or occupancy of NFSS lands or facilities unless the use was for a "group event" as defined in § 251.51. § 251.51 defined "group event" as "an organized or publicized activity involving, or expected to attract, 25 or more persons and the use of National Forest System lands, resources, or facilities." Patzer argues that 1988 amended versions of §§ 251.50 and 251.51 gave rise to an *ex post facto* application of the law "because his 'hunting group' clearly did not fall under the definitions in the 1984 version, whereas the group can be included as a 'group event' under the 1988 version." (Brief of Appellant at 28).

The government responds that Patzer's arguments are flawed for the same reasons set forth in II., *supra,* in which Patzer alleged that Counts One through Ten were invalid and void because the term "group event" was void. The government notes, as it did in II., that none of the counts of conviction were predicated "upon the failure to obtain a special-use permit by virtue of a group event," (Brief of Appellee at 26), but rather, "the violation focused on the commercial nature of the activity without regard to the size of the group." *Id.*

█ The *ex post facto* clause is a limitation upon the powers of the Legislature. *Lustgarden v. Gunter,* 966 F.2d 552 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 624, 121 L.Ed.2d 556 (1992). "An ex post facto law is one that among other things (1) makes conduct criminal that was legal when done, or (2) inflicts greater punishment

for an offense than the law existing when the offense was committed." *McDonald v. Champion,* 962 F.2d 1455, 1457 (10th Cir. 1992), *cert. denied,* — U.S. ——, 113 S.Ct. 256, 121 L.Ed.2d 187 (1992).

Applying these standards to our case, we hold that Count One, in which Patzer was charged with conducting a commercial service, did not give rise to an *ex post facto* application of the law. Prior to and after the 1988 amendments in question, special-use authorization was required for commercial outfitting on NFSS lands. As such, the amendments did not "make conduct criminal that was legal when done." *Id.* Moreover, the 1988 amendments did not change the maximum penalty. Thus, the amendments did not inflict "greater punishment for an offense that the law existing when the offense was committed." *Id.*

**AFFIRMED.**