**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**NOV 22 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

JAMES L. BROOKS,

      Plaintiff-Appellant,

v.

MELINDA SAUCEDA, Kansas City,
Kansas Department of Development
Rental Licensing; DELIA M. YORK;
UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; and JANE ROE.

      Defendants-Appellees.

No. 00-3025
(D.C. No. 99-CV-2396)
(Dist. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant James L. Brooks ("Brooks") appeals the district court's grant of the defendant's motion to dismiss his case for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Brooks is a white male who owns two residential properties in Kansas City, Kansas. (Doc. 1 at ¶¶ 3, 31.) The Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government") has adopted a set of ordinances stating that "no person shall allow to be occupied, or rent to another for occupancy, any rental dwelling unit unless the owner has first obtained a license or provisional license under the terms of this article." Unified Government of Wyandotte County/Kansas City, Kan., Ordinance 19-492. Brooks paid for and received a license under the ordinance for one of his properties, but did not do so for the other. (Doc. 1 at ¶¶ 44, 13.) Believing Brooks's unlicenced property to be inhabited by renters, the Unified Government first notified him by mail that it had reason to believe he was in violation of the ordinance.[1] (Doc. 1 at ¶ 3.) Brooks's reply, although not set forth in the record, was apparently unsatisfactory, so a Unified Government official placed a notice on the front door of the residence informing tenants that the building failed to meet its licencing requirements because: (1) Brooks had not paid a required $20 licencing fee; and

---

[1]It is unclear from the pleadings and the district court's opinion whether any such tenants exist. However, whether in fact Brooks had actually rented the property is immaterial to an analysis of his claims against the Defendants.

(2) the building was in substandard condition.  (Id.)  The notice further stated that tenants of the building would have to move if these violations either were not corrected or appealed within fifteen days.  (Id.) (notice attached to complaint.)  Brooks responded to the notice by mailing a letter refusing to comply and threatening to sue the Unified Government if it posted additional notices in the future. (Id.) (letter attached to complaint.)  On July 23, 1999, the Unified Government posted a second notice of its final decision that the residence was not covered by a rental license, and that any tenants present would be required to leave no later than August 26, 1999.  (Id.) (notice attached to complaint.)

Brooks responded by filing a lawsuit against Melinda Sauceda ("Sauceda"), the Unified Government Official whose signature was affixed to the notice; the Unified Government itself; Delia York, an attorney working in the Unified Government's legal department; and an unidentified third party designated in the complaint as Jane Roe (collectively "the Defendants").  The complaint alleged that the Unified Government ordinance in question constituted a bill of attainder, see U.S. Const., art. I, § 10,[2] and that the Unified Government's actions violated his right to due process, his civil rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986 and 1988, and his rights under the Fourth, Sixth, Eighth, Ninth and

---

[2]Art I, § 10 reads, in relevant part, "No Bill of Attainder or ex post facto Law shall be passed."

Tenth Amendments. Brooks further alleged that the Unified Government specifically violated § 1982 by requiring him to pay for the license fee for his second rental property within Kansas City. Finally, Brooks claimed damages under a variety of Kansas constitutional provisions and criminal statutes. (Id.)

Prior to filing a responsive pleading, the county sought and received a ten-day extension in its time to reply pursuant to Rule 77.2 of the Local Rules of the District of Kansas.[3] (Doc. 7.) At the end of this period, the Defendants filed a motion to dismiss Brooks's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brooks then filed a motion with the district court seeking a default judgment on the grounds that the Defendants had failed to answer, which was denied in an order dated November 11, 1999. The district court then dismissed Brooks's complaint, holding, inter alia, that Brooks failed to state claims under 42 U.S.C. §§ 1981, 1982, 1985(3) and 1986 because he failed to allege facts demonstrating racial discrimination. (Aplee. Br. at Attachment 4, pp. 6-9.) The district court found that Brooks's allegations

_____

[3]Rule 77.2 states, in relevant part:
(a) Orders and Judgments: The clerk is authorized to grant the following orders and judgments without direction by the court ...

    (2) Orders extending once for ten days the time within which to answer, reply or otherwise plead to a complaint, cross-claim or counterclaim if the time originally prescribed to plead has not expired.

failed to supply a basis for his due process claims and his remaining constitutional claims, and therefore dismissed his claim under 42 U.S.C.§ 1983. The district court found as a matter of law that the ordinances in question do not constitute bills of attainder, and it dismissed Brooks's Fourth Amendment claim because he failed to allege a search or seizure of property sufficient to give rise to a claim. Brooks did not appeal the dismissal of the remainder of his federal constitutional claims or any of his state statutory or constitutional claims, and so they are not specifically addressed in this opinion.

The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1291.[4]

As a preliminary matter, Brooks asserts that the district court erred in accepting the Defendants' 12(b)(6) motion in lieu of an answer, asserting that the Rules of Civil Procedure instead require an answer to be filed before any subsequent motions can be filed or ruled upon by a district court. Therefore, he

---

[4]We note that the district court had not yet dismissed Brooks's claims against Jane Roe when he filed his notice of appeal on January 14, 2000, and that this Court did not then have subject matter jurisdiction under 28 U.S.C. § 1291. The district court issued a second order dismissing Brooks's remaining claims on February 15, 2000, and he filed his Brief in Chief on February 22, 2000. Although no new formal notice of appeal was filed within the thirty-day deadline set by Rule 4 of the Federal Rules of Appellate Procedure, this brief was sufficient to set forth the notice required by Fed. R. App. Proc. 3(c), and we therefore hold that we have jurisdiction to decide the merits of the case. See Smith v. Barry, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.")

argues that he was entitled to a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Brooks also interprets Rule 55(a) of the Federal Rules, which provides for a default judgment if a defendant has "failed to plead or otherwise defend" the claims against him, to stand for the proposition that the defendant can only"otherwise defend" by raising 12(b) motions after first filing a formal answer. Brooks offers no authority in support of these argument other than what he suggests are plain readings of the rules, and, for substantially the reasons set forth in the district court's order of November 3, 1999, we hold he was not entitled to a default judgment under Rule 55(b).

In addition, Brooks appeals the district court's holding that he failed to allege claims upon which relief could be granted under §§ 1981, 1982, 1983, 1985(3), 1986 and 1988, that the Unified Government's ordinance does not constitute a bill of attainder, and that the Defendants did not "search or seize" his property by placing notices upon it.

The district court correctly held that claims under 42 U.S.C. §§ 1981 and 1982 require intentional discrimination resulting from the defendant's racial animus. See, e.g., Saint Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987) (construing § 1981); Shaare Tefila Congregation v. Cobb, 481 U.S. 615, 616 (1987) (construing § 1982). Brooks is Caucasian and has specifically disclaimed any allegation of intentional discrimination in the facts giving rise to this suit.

(Doc. 21 at pp. 4-5.) Therefore, the district court correctly dismissed these claims. Further, it is well established that § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)). Since Brooks alleged no facts sufficient to establish such racial animus, it follows that he can assert neither a claim under§ 1985(3) nor under § 1986 for failing to prevent a violation of § 1985(3). Likewise, he is not entitled to recovery of attorneys fees and court costs as a "prevailing party" under § 1988(b).

The district court also correctly dismissed Brooks's claim that the Unified Government's ordinances constitute a bill of attainder because he has failed to allege facts showing that they are punitive in nature or that the legislative record evinces an intent to punish. See Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 852 (1984); United States v. Patzer, 15 F.3d 934, 941 (10th Cir. 1993).

Finally, for substantially the reasons set forth in the district court's opinion, we AFFIRM the district court's dismissal of Brooks's claims that his due process rights were violated, that Sauceda's act of posting two paper notices on his property constituted a seizure of property for purposes of the Fourth Amendment,

or that the Unified Government violated § 1982 by requiring him to obtain a rental license for his second Kansas City property.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge