PUBLISH

FILED
United States Court of Appeals
Tenth Circuit

April 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

MATTHEW O. MORRIS,

    Defendant - Appellant.

No. 07-8099

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 2:07-CR-147-ABJ-1)**

---

Gregory A. Phillips, Assistant United States Attorney (Kelly H. Rankin, United States Attorney, with him on the brief), Cheyenne, Wyoming, for Plaintiff-Appellee.

Wendy C. Palen of Palen Law Offices, LLP, Glendo, Wyoming, for Defendant-Appellant.

Before **KELLY**, **TYMKOVICH**, Circuit Judges, and **DeGIUSTI**,[*] District Judge.

---

**DeGIUSTI**, District Judge.

---

    Defendant-Appellant Matthew O. Morris appeals his federal prison

sentence for unlawful possession of a firearm to challenge the district court's

---

[*]Honorable Timothy D. DeGiusti, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

application of § 2K2.1(b)(6) of the Sentencing Guidelines to the circumstances of his offense. There is no question that, because Mr. Morris took possession of the firearm during a burglary, Application Note 14(B) to § 2K2.1 directed the district court to apply subsection (b)(6), which authorizes a four-level enhancement if the defendant possessed a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The sole issue presented for decision is whether Application Note 14(B) is inconsistent with § 2K2.1(b)(6) and, therefore, should not have been followed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## BACKGROUND

On March 9, 2007, Mr. Morris confessed to the burglary of an apartment in Cheyenne, Wyoming. Mr. Morris also admitted taking a .223 caliber Bushmaster rifle, Model XM15, in the course of the burglary. Mr. Morris had previously been convicted of a crime punishable for a term of imprisonment exceeding one year. Also, the rifle was manufactured outside the State of Wyoming and, therefore, had traveled in interstate commerce.

On May 17, 2007, Mr. Morris was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a written plea agreement, Mr. Morris entered his guilty plea on September 25, 2007. No other charges were brought by local, state, or federal authorities.

In calculating a guidelines sentence, the presentence report ("PSR") utilized a base offense level of 20 under the applicable guideline provision, § 2K2.1. *See* U.S.S.G. § 2K2.1(a)(4)(A). The PSR then applied a two-level enhancement because the offense involved a stolen a firearm. *See* U.S.S.G. § 2K2.1(b)(4)(A). The PSR also applied a four-level enhancement for use or possession of the firearm in connection with another felony offense, the burglary in which the rifle was obtained. *See* U.S.S.G. § 2K2.1(b)(6). After a three-level reduction for acceptance of responsibility, the PSR provided a total offense level of 23 and a criminal history category of III, which resulted in a guideline range of imprisonment of 57 to 71 months.

In a written objection to the PSR, Mr. Morris objected to the four-level enhancement of § 2K2.1(b)(6) only on the ground of "over-counting." 5 R. at Addendum. At the sentencing hearing, defense counsel did not explain this objection; she indicated only that the objection was intended to preserve for appellate review the applicability of the enhancement. Sent'g Tr. at 5. The district court overruled the objection and, relying on Application Note 14(B), applied § 2K2.1(b)(6) to calculate Mr. Morris's sentence. The district court then imposed a sentence of 57 months' imprisonment, followed by a three-year term of supervised release, a $100 special assessment, and restitution in the amount of $1,844.85.

**STANDARD OF REVIEW**

In this appeal, Mr. Morris argues for the first time that Application Note 14(B) should be disregarded due to an alleged inconsistency with § 2K2.1(b)(6). Specifically, he contends the enhancement provided by § 2K2.1(b)(6) for possession of a firearm in connection with "another felony offense" necessarily connotes a separation of time or a distinction of conduct. In his view, Application Note 14(B) erroneously expands § 2K2.1(b)(6) to apply to contemporaneous situations in violation of the plain meaning of that guideline.

The government contends that Mr. Morris raises a new objection to the application of § 2K2.1(b)(6) that was not presented to the district court, and thus we should review for plain error the district court's decision to apply § 2K2.1(b)(6).[1] Plain error review is appropriate when a defendant fails to properly challenge an error in the district court. *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006); Fed. R. Crim. P. 52(b). Under the plain error doctrine, "we will reverse the judgment below only if 'there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Teague*, 443

---

[1]At oral argument, the government also argued that Mr. Morris waived or forfeited this objection because he stipulated in the plea agreement that § 2K2.1(b)(6) would apply at sentencing. We decline to address arguments that are not briefed or are inadequately briefed. *See Bronson v. Swensen*, 500 F.3d 1099, 1104-05 (10th Cir. 2007); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998); *see also* Fed. R. App. P. 28(a)(6).

F.3d at 1314 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)); *see United States v. Olano*, 507 U.S. 725, 732-36 (1993).

Notably, Mr. Morris's brief does not address the proper standard of review, contrary to Fed. R. App. P. 28(a)(9)(B). When questioned during oral argument, his counsel argued that the objection was sufficiently presented to the district court to preserve the current issue for appellate review. We disagree. Because Mr. Morris's trial counsel failed to lodge a specific objection based on the issue now presented for decision on appeal, we find plain error review to be appropriate. *See United States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997).

## DISCUSSION

Section 2K2.1(b)(6) provides for a four-point increase in offense levels "if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed . . . any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). Application Note 14 to § 2K2.1 defines the phrase "in connection with" as it is used in subsection (b)(6) and (c)(1). It states in pertinent part:

(A)    In General. Subsections (b)(6) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.

(B)    Application When Other Offense is Burglary or Drug Offense. Subsections (b)(6) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even

-5-

if the defendant did not engage in any other conduct with that firearm during the course of the burglary . . . . In these cases, application of subsections (b)(6) and (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.

(C)    Definitions. "Another felony offense," for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

U.S.S.G. § 2K2.1, cmt. n.14.

Mr. Morris contends the plain meaning of "another felony offense" in § 2K2.1(b)(6) connotes the commission of a separate or distinct felony apart from the defendant's possession of a firearm. He argues that Application Note 14(B)(i) erroneously expands § 2K2.1(b)(6) to encompass conduct that is not separate or distinct when, as in this case, a defendant takes a gun in the course of a burglary but commits no other offense after he gains possession of the firearm. Thus, Mr. Morris argues that the four-level enhancement was erroneously applied to him because Application Note 14(B)(i) inconsistently interpreted § 2K2.1(b)(6) to include his burglary offense, which occurred contemporaneously with his possession of the rifle and involved no subsequent felony.

In this argument, Mr. Morris urges an interpretation of the language of § 2K2.1(b)(6) that some federal appellate courts had adopted before

Application Note 14(B) was added by amendment of the Guidelines in 2006.[2]  For example, in *United States v. Sanders*, 162 F.3d 396, 400-401 (6th Cir. 1998), relying on a "logical reading" of the guideline term "another felony offense," the court required "a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction or the other felony offense.  Otherwise, the word 'another' is superfluous, and of no significance to the application of that provision."  *Id*. at 400 (footnote omitted); *see also United States v. Fenton*, 309 F.3d 825, 827 (3d Cir. 2002); *United States v. Szakacs*, 212 F.3d 344, 350 (7th Cir. 2000); *United States v. Valenzuela*, 495 F.3d 1127, 1132 (9th Cir. 2007).

The opposite view was expressed in *United States v. Armstead*, 114 F.3d 504 (5th Cir. 1997).  In that case, the Fifth Circuit found a burglary of a pawn shop to be "another" felony offense "even though it arose contemporaneously with the primary offense, theft of firearms from a licensed firearm dealer."  *Id*. at 512.  The court in *Armstead* reasoned that the defendant "possessed firearms and could have used them in furtherance of 'another felony,' the state law crime of burglary."  *Id*. at 513.  The court noted that "nothing in the Guidelines suggests that contemporaneous crimes cannot be considered when enhancing a sentence"

---

[2]Effective November 1, 2006, Amendment 691 revised § 2K2.1 and, among other changes, redesignated subsection (b)(6) from (b)(5) and substantially altered the accompanying commentary.  *See* U.S.S.G. supp. app. C.

and considered the concept of relevant conduct in § 1B1.3 "to readily permit such an enhancement." *Id*.; *see also United States v. Kenney*, 283 F.3d 934, 938 (8th Cir. 2002).

When amending § 2K2.1 in 2006, the Sentencing Commission explained that Application Note 14 was intended to address the conflict among the circuits regarding the application of enhancements under § 2K2.1(b)(6) and (c)(1) "specifically with respect to the use of a firearm 'in connection with' burglary and drug offenses." U.S.S.G. supp. app. C, amend. 691 ("Reason for Amendment"). "The Commission determined that application of these provisions was warranted in these cases because of the potential that the presence of the firearm has for facilitating another felony offense or another offense." *Id*. The amendment thus provides clear direction for cases involving burglary offenses and embodies a rejection of the contention that "another felony offense" should have the limited meaning Mr. Morris ascribes to it.

The Supreme Court determined in *Stinson v. United States*, 508 U.S. 36 (1993), that commentary issued by the Sentencing Commission to interpret or explain a guideline is binding and "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id*. at 38. In this context, a guideline and its commentary are inconsistent only when "following one will result in violating the dictates of the other . . . ." *Id*. at 43. The Court also determined that because "the guidelines are

-8-

the equivalent of legislative rules adopted by federal agencies," the commentary should "be treated as an agency's interpretation of its own legislative rule." *Id*. at 44-45. The Court reasoned that giving controlling weight to the commentary was particularly appropriate in light of the Sentencing Commission's statutory obligation to review and periodically revise the guidelines. The Court stated:

> Although amendments to guidelines provisions are one method of incorporating revisions, another method open to the Commission is amendment of the commentary, if the guideline which the commentary interprets will bear the construction. Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and **prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today**.

*Id*. at 46 (emphasis added).

In this case, the fact that the Sentencing Commission has declined to differentiate between contemporaneous and distinct felony offenses does not make Application Note 14(B) inconsistent with § 2K2.1(b)(6). Nothing in that guideline suggests that a contemporaneous crime cannot be considered "another" offense. *See Armstead*, 114 F.3d at 513. Even before Application Note 14(B) was adopted, this Court had upheld the application of the four-level firearm enhancement now reflected in subsection (b)(6) in situations involving contemporaneous felony offenses. *See United States v. Constantine*, 263 F.3d 1122, 1124-1125 (10th Cir. 2001) (burglar carrying a handgun with an illegal silencer properly received a four-level enhancement because "the silencer

facilitated or had the potential to facilitate the burglary").[3]  Thus, applying

Application Note 14(B) would not violate the dictates of § 2K2.1(b)(6).

Further, Application Note 14(B) remains consistent with § 2K2.1(b)(6)

because it advances and directly corresponds to the policies of the guideline.  The

Sentencing Commission adopted Amendment 691 in 2006 to address "various

issues pertaining to the primary firearms guideline" through revisions to § 2K2.1

and its commentary.  *See* U.S.S.G. supp. app. C, amend. 691 ("Reason for

Amendment"). In the words of *Stinson*, "we can presume that the interpretations

of the guidelines contained in the commentary represent the most accurate

indications of how the Commission deems that the guidelines should be applied to

be consistent with the Guidelines Manual as a whole as well as the authorizing

statute."  *Stinson*, 508 U.S. at 45.  In this case, we need not resort to any such

presumption because the Sentencing Commission expressly explained its reasons

for adopting Application Note 14(B) by reference to other guidelines and the

policies behind them.[4]  Thus, regardless whether we approve of the interpretation

of § 2K2.1(b)(6) reflected in Application Note 14(B), we must defer to the

---

[3]The issue presented in *Constantine* was whether the defendant had used or possessed the firearm "in connection with" another felony rather than whether there was "another felony offense."  *See id*. at 1125.

[4]In drafting Application Note 14(B), the Sentencing Commission adopted language from *Smith v. United States*, 508 U.S. 223 (1993) (regarding 18 U.S.C. § 924(c)(1)), so "that the provisions apply if the firearm facilitated or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. supp. app. C, amend. 691 ("Reason for Amendment").

Sentencing Commission's view unless we can say "that the notes so far depart from the language of the Guideline that they are 'inconsistent with, or a plainly erroneous reading of [the] guideline.'" *United States v. Smith*, 433 F.3d 714, 716 (10th Cir. 2006) (quoting *Stinson*, 508 U.S. at 38 (alteration in *Smith*)). As discussed above, we cannot say that Application Note 14(B)(i) is inconsistent with § 2K2.1(b)(6).

In summary, Application Note 14(B)(i) was added to remedy the disagreement among the courts regarding the application of the four-level enhancement to cases in which the other offense is a burglary. Neither party has cited any case subsequent to Amendment 691 which holds that the commentary in Application Note 14(B) is inconsistent with § 2K2.1(b)(6), and the Court is aware of no such case. Thus, applying the test for inconsistency set forth in *Stinson*, and given the presumption that the Sentencing Commission's commentary represents the most authoritative statement of how the guidelines should be applied, we hold that Application Note 14(B) and § 2K2.1(b)(6) are not inconsistent. Accordingly, we find that Application Note 14(B) is controlling and must be applied in computing a correct guidelines sentence.

Turning to Mr. Morris's challenge to the calculation of his guidelines sentence, we hold that the district court properly followed Application Note 14(B)(i) and applied the four-level enhancement of § 2K2.1(b)(6) to Mr. Morris's burglary offense. Because the Sentencing Commission's

interpretation of § 2K2.1(b)(6) is binding on the courts, we hold there was no error in the district court's decision to adhere to the interpretative guidance of the Sentencing Commission. Necessarily then, we find no plain error in the application of § 2K2.1(b)(6) to the circumstances of Mr. Morris's firearm offense.

## CONCLUSION

Based on our conclusion that the four-level enhancement for possession of a firearm in relation to another felony offense was appropriate, and having thus resolved the sole issue presented, we AFFIRM the sentence imposed by the district court.