**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GERALD DUANE CUNNINGHAM,

    Defendant-Appellant.

No. 08-5176

(D.C. No. 4:08-CR-0105-CVE)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

Defendant Gerald Duane Cunningham pled guilty to knowingly possessing an unregistered shotgun with a barrel measuring less than 18 inches, in violation of 26 U.S.C. §§ 5841, 5845(a)(1), and 5861(d). At sentencing, his only objection to the Presentence Investigation Report (PSR) was to a proposed enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6) for possessing a firearm "in connection with another felony offense." See United States v. Gambino-

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Zavala, 539 F.3d 1221, 1230 (10th Cir. 2008) (explaining that a defendant's offense level should be increased by four, under U.S.S.G. § 2K2.1(b)(6), if "the defendant used or possessed any firearm or ammunition in connection with another felony offense"). Including that enhancement, the PSR assigned Defendant a total offense level of 19 and a criminal history category of I, resulting in a suggested Guidelines range of 30 to 37 months' imprisonment. The district court overruled Defendant's objection to the § 2K2.1(b)(6) enhancement, adopted the PSR's findings, and sentenced Defendant to 30 months' incarceration — the low end of the suggested Guidelines range.

Defendant wished to challenge the district court's application of § 2K2.1(b)(6) of the Guidelines on appeal. His appointed counsel, however, failed to identify a non-frivolous issue to raise before this Court. Accordingly, counsel filed a brief and a motion to withdraw in keeping with the Supreme Court's decision in Anders v. California, 386 U.S. 738, 744 (1967) and Tenth Circuit Rule of Appellate Procedure 46.4(B)(1). Neither Defendant nor the Government chose to respond to counsel's Anders brief. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we agree with counsel that Defendant's appeal is "wholly frivolous." Anders, 386 U.S. at 744. We consequently grant counsel's motion to withdraw and dismiss this appeal. See id. (explaining that once we determine an appeal is "wholly frivolous" we may "grant counsel's request to withdraw and dismiss the appeal").

I.

Police discovered Defendant's shotgun after responding to a 911 call initiated by Defendant's ex-girlfriend, Joanna Underwood. According to the evidence presented at Defendant's sentencing hearing, which included the testimony of two police officers who responded to Defendant's home and a signed statement Underwood gave police, the essential facts of this case are as follows.[1] See United States v. Scott, 529 F.3d 1290, 1298 (10th Cir. 2008) (recognizing that the "Federal Rules of Evidence do not apply to sentencing hearings"); see also Fed. R. Evid. 1101(d)(3).

Dispatch notified Chief of Police Gary Shrum of a 911 call relating to a domestic disturbance at Defendant's home. He was told that the female caller indicated the presence of a gun. Shrum arrived at the scene first, knocked on the door of Defendant's trailer, and was invited by Defendant to come inside. At that point, Underwood was sitting on a couch in Defendant's living room. She appeared to have been crying and looked frightened.

When Shrum inquired what was happening, Defendant responded "nothing." Shrum then asked Underwood whether "she was okay," to which she nodded in the affirmative, while looking at Defendant.[2] Shrum inquired whether someone had

---

[1] Underwood could not be located and consequently did not testify at Defendant's sentencing hearing.

[2] In fact, each time Shrum asked Underwood a question she responded with
(continued...)

3

called 911. Defendant indicated that no one had called 911. When Shrum directed the same question to Underwood, however, she again nodded in the affirmative. Shrum then asked Underwood where the gun was located and she nodded with her head towards the couch on which Defendant was seated. For safety purposes, Shrum asked Defendant to stand up and move away from the couch. Defendant complied. Subsequently, Shrum located a gun case, which contained Defendant's shotgun, between the end of the couch and the door.

Once Sergeant Albert McKee arrived at the scene, he took Underwood out to the porch to get a signed, written statement. While writing this statement, she cried most of the time and appeared to be "very upset." Underwood explained that she had been living with Defendant. When she went to the trailer that day to retrieve some belongings, Defendant told her if she tried to leave he would shoot her. Underwood was aware that Defendant owned a "big gun," i.e., the shotgun she pointed out to Chief Shrum. She indicated that Defendant told her an unspecified party had given him orders to "take her out" because she had been talking to the police. When Underwood tried to leave the trailer, Defendant hit her on the side of the head and pulled her back into the house. Thereafter, she was instructed to sit down and not move. Defendant stated "he was going to get some questions answered or he was going to shoot her." Based on the foregoing, the State of Oklahoma ultimately

---

[2](...continued)
a nod, while looking at Defendant.

4

charged Defendant with kidnapping.

## II.

For purposes of sentencing, we review the district court's factual findings, which must be supported by a preponderance of the evidence, for clear error. See United States v. Hooks, 551 F.3d 1205, 1216-17 (10th Cir. 2009). Clear error exists where a factual finding is "wholly without factual support in the record," such that our independent review leaves us "definitely and firmly convinced that a mistake has been made." Id. at 1217. Our review of the district court's legal conclusions is de novo and thus less deferential. See id at 1216. But we give "due deference" to the district court's application of the Guidelines to the facts of each case. Id. at 1216-17. In addition, we review all sentences — whether inside or outside the suggested Guidelines range — for "reasonableness" under a "deferential abuse-of-discretion standard." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008).

## A.

To justify an offense level enhancement under U.S.S.G. § 2K2.1(b)(6), the district court had to find that Defendant possessed a firearm "in connection with another felony offense." The additional felony offense identified by the district court, in this case, was kidnapping. See Cummings v. State, 968 P.2d 821, 832 (Okla. Crim. App. 1998) (recognizing that kidnapping, under Oklahoma law, is a felony); see also United States v. Morris, 562 F.3d 1131, 1135 (10th Cir. 2009) (acknowledging that a "contemporaneous crime" may serve as the basis for a

5

§ 2K2.1(b)(6) enhancement).  Under Oklahoma law, a person is guilty of kidnapping if he seizes another, without lawful authority, with the intent to confine or imprison that person against his or her will.  21 Okla. Stat. § 741.  We cannot say the district court erred in concluding Defendant unlawfully seized Underwood with the intent to confine her against her will, as a preponderance of the evidence clearly supports this conclusion.  See United States v. Cook, 550 F.3d 1292, 1295 (10th Cir. 2008) (noting that U.S.S.G. § 2K2.1(b)(6) does not require a predicate felony conviction, but merely certain felonious conduct); see also U.S.S.G. § 2K2.1, application note 14(C).

Furthermore, the record in this case amply supports the district court's conclusion that Defendant possessed a firearm "in connection with" his kidnapping offense.  U.S.S.G.§ 2K2.1(b)(6).  Our precedent establishes that this "in connection with" requirement is met if a firearm "facilitated or had the potential to facilitate the underlying felony." Gambino-Zavala, 539 F.3d at 1230.  That standard is clearly met here.  Defendant's possession of the shotgun, of which Underwood was aware, undoubtedly facilitated Defendant's efforts to detain Underwood against her will, as Defendant threatened to shoot her if she tried to escape.  We, therefore, have no reason to question the district court's imposition of a § 2K2.1(b)(6) enhancement.

B.

Defendant's only other apparent avenue for appeal is a challenge to his 30-month sentence.  Because this sentence is within the suggested Guidelines range of

6

30 to 37 months' imprisonment, we accord it a presumption of substantive reasonableness on appeal. <u>See</u> <u>United States v. Parker</u>, 553 F.3d 1309, 1322-23 (10th Cir. 2009). Our review of the record has failed to bring to light any evidence to rebut this presumption. Nor have we uncovered any grounds for challenging the procedural reasonableness of Defendant's sentence. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal. <u>See</u> <u>Anders</u>, 386 U.S. at 744.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge