FILED
United States Court of Appeals
Tenth Circuit

February 10, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

CHRISTOPHER MICHAEL
REQUEJO,

　　Defendant-Appellant.

No. 09-8005
(D.C. No. 1:08-CR-00169-ABJ-2)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Christopher Michael Requejo was indicted for aiding

and abetting the theft of a firearm from a federally licensed firearms dealer, in

violation of 18 U.S.C. §§ 924(m) and 2(a), and for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Mr.

Requejo proceeded to trial, testified on his own behalf, and was found guilty by a

---

[*]    This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.  After examining the briefs and the
appellate record, this three-judge panel determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.

jury.  The district court sentenced him to 63 months of imprisonment, 36 months of supervised release, a fine of $500, and a special assessment of $200.  Mr. Requejo appeals his conviction and sentence.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On appeal, Mr. Requejo's counsel filed an *Anders* brief and seeks leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  In the *Anders* brief, Mr. Requejo's counsel indicates that Mr. Requejo seeks to challenge the sufficiency of the evidence supporting his conviction and the reasonableness of his sentence, but counsel finds both claims to be wholly lacking in merit.  Mr. Requejo filed a response in which he argues these issues, and also claims ineffective assistance of counsel.  The government declined to file a brief.  Based on our independent review of the record, *see id.*, we conclude that this appeal raises no non-frivolous issues.  Thus, we affirm the conviction and sentence, dismiss the ineffective assistance claim without prejudice, and grant counsel's motion to withdraw.

## BACKGROUND[1]

On July 8, 2008, Mr. Requejo and Matthew Richard Escobedo entered the Lincolnway Pawn Shop, a federally licensed firearms dealer, in Cheyenne, Wyoming.  Although Messrs. Escobedo and Requejo browsed the aisles looking at

---

[1]     We set forth the evidence in the light most favorable to the prosecution because this appeal arises from a jury verdict.  *United States v. LaHue*, 261 F.3d 993, 996 n.1 (10th Cir. 2001).

various items, they had previously formulated a plan to steal a 9mm firearm from a glass display case in the shop and trade it for illegal narcotics. The plan required Mr. Requejo to distract the clerk by asking about car audio equipment. When the clerk left the front counter to accompany Mr. Requejo to another part of the shop, Mr. Escobedo would pry open the display case and remove a firearm. The plan failed when another clerk remained at the front counter. Undeterred, the two men devised a new plan in which Mr. Requejo shielded Mr. Escobedo from view by standing between him and the security camera and front counter.

However, a clerk heard Mr. Escobedo pry open the top of the display case. Before the clerk could reach the display case, Mr. Escobedo had taken a Rock Island Armory, .45 caliber, semi-automatic handgun, which had previously traveled in and affected interstate commerce, from the case and secreted it in his waistband. Messrs. Escobedo and Requejo exited the building shortly thereafter.

After leaving the Lincolnway Pawn Shop, Messrs. Escobedo and Requejo went to a nearby apartment belonging to Mr. Escobedo's sister. While Mr. Escobedo changed his shirt and called his drug source to arrange a trade of the firearm for illegal narcotics, Mr. Requejo inspected the stolen firearm and observed that it was not a 9mm. The two men subsequently left on bicycles to rendezvous with the drug source. Before they could arrive at the drug source's trailer, the police intercepted them based on information gleaned from the pawn shop employees and a confidential informant. Mr. Requejo stopped when directed

to do so by the police and was detained for questioning. Mr. Escobedo eluded capture and, later that evening, consummated the planned trade of the firearm for illegal drugs, specifically, cocaine.

Upon his arrest approximately one month later, Mr. Escobedo confessed to the theft of the firearm from the pawn shop and implicated Mr. Requejo as a knowing participant. Mr. Escobedo also told law enforcement personnel that he had traded the stolen gun to his drug source for cocaine. When law enforcement personnel executed a search warrant on the drug source's trailer, they recovered the stolen firearm.

Following Mr. Requejo's conviction, the probation office prepared a presentence investigation report ("PSR"). In the PSR, the probation office calculated a base offense level of twenty. After adding a two-level increase for the possession of a stolen firearm and a four-level increase for the possession of a firearm in connection with another felony offense, the probation office recommended a total offense level of twenty-six and a criminal history category of III. The government requested a two-level enhancement for obstruction of justice based upon Mr. Requejo's allegedly perjurious testimony at trial. At the sentencing hearing, the district court relied upon the PSR's sentencing computations, but also granted the government's request for the obstruction-of-justice enhancement over Mr. Requejo's objections. The addition of this enhancement elevated the offense level to twenty-eight. This offense level along

with Mr. Requejo's criminal history produced a Guidelines range of 97 to 121 months. However, the district court granted a downward variance, sentencing Mr. Requejo to 63 months' imprisonment.

## DISCUSSION

Mr. Requejo argues that the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt. He also asserts that his sentence is procedurally unreasonable because the district court applied (1) a two-level increase to his offense level for possession of a stolen firearm; (2) a four-level increase to his offense level for possession of a firearm in connection with another felony offense; and (3) a two-level increase to his offense level for obstruction of justice. Although Mr. Requejo never contests the substantive reasonableness of his sentence, we will address it because his counsel identified it as a potential appealable issue. Finally, Mr. Requejo claims that he received ineffective assistance from his appointed trial and appellate counsel.

## I.      Sufficiency of the Evidence

"We review de novo whether the prosecution presented sufficient evidence to support a conviction." *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002). "In conducting this review . . . we ask whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* (internal quotation

marks omitted). "We do not question the jury's credibility determinations or its conclusions about the weight of the evidence." *United States v. Allen*, 235 F.3d 482, 492 (10th Cir. 2000) (internal quotation marks omitted).

Under this standard, the evidence is sufficient to support Mr. Requejo's conviction. To prove the offense of aiding and abetting the theft of a firearm from a federally licensed firearms dealer under 18 U.S.C. § 924(m), in violation of 18 U.S.C. § 2(a), the government must establish that the defendant "(1) willfully associate[d] himself with the criminal venture, and (2) [sought] to make the venture succeed through some action of his own." *United States v. Bowen*, 527 F.3d 1065, 1078 (10th Cir.), *cert. denied*, 129 S. Ct. 312 (2008). The record demonstrates that Mr. Escobedo pleaded guilty to the theft of a firearm from the pawn shop, which the parties stipulated is a federally licensed firearms dealer. The record also shows that Mr. Requejo participated in the planning of the theft, attempted to distract the clerk by asking about car audio equipment, and attempted to stand in the way of the surveillance camera and front counter to shield Mr. Escobedo's actions from view.

To prove the possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), the government must establish three elements: (1) the defendant had a prior felony conviction; (2) he knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Poe*, 556 F.3d 1113, 1125 (10th Cir.), *cert. denied*, 130 S. Ct. 395 (2009). The

parties stipulated that Mr. Requejo was a convicted felon. The government introduced evidence that Requejo knowingly held the firearm for a brief period after the theft. The parties also stipulated that the firearm had moved at some time from one state to another.

Thus, we agree with Mr. Requejo's counsel that a challenge to the sufficiency of the evidence supporting either conviction would be meritless.

## II.    Sentencing

We review Mr. Requejo's sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). "[R]easonableness . . . has both procedural and substantive dimensions." *United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) (internal quotation marks omitted). "A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure." *Id.* (alteration and internal quotation marks omitted); *see Gall*, 552 U.S. at 51 (stating that procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence"). "A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and

the § 3553(a) factors." *Martinez-Barragan*, 545 F.3d at 898 (internal quotation marks omitted).

## A.     Procedural Reasonableness

Mr. Requejo appeals the procedural reasonableness of his sentence. In particular, Mr. Requejo argues that the district court erred in applying sentencing enhancements for possession of a stolen firearm, possession of a firearm in connection with another felony offense, and obstruction of justice.[2]

### 1.     Possession of Stolen Firearm

In this appeal, Mr. Requejo argues for the first time that the district court erred in applying a two-level increase to his base offense level for possession of a stolen firearm. Mr. Requejo contends that this enhancement should not apply because he never possessed the gun; he merely aided and abetted in the theft of the firearm from the pawn shop. In effect, Mr. Requejo challenges the sufficiency of the evidence to support the enhancement.

"When a party fails to object contemporaneously to the district court's sentencing procedure, we review procedural reasonableness challenges for plain error." *Poe*, 556 F.3d at 1128. Under the plain error doctrine, we will reverse the district court's judgment only if the party shows (1) an error; (2) that is plain; (3)

---

[2]     The probation office computed Mr. Requejo's sentence by referring to the November 1, 2008, edition of the United States Sentencing Guidelines Manual. The parties have not questioned the use of that edition. Accordingly, we use that edition in our analysis and our citations to the Guidelines are to the 2008 edition.

that affects substantial rights; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Morris*, 562 F.3d 1131, 1133 (10th Cir. 2009) (internal quotation marks omitted). "The plain error standard presents a heavy burden for an appellant, one which is not often satisfied." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

Regarding the specific sufficiency of the evidence challenge advanced by Mr. Requejo, we conclude that the record strongly supports the enhancement and, therefore, Mr. Requejo cannot establish the first condition for plain error review (i.e., error). In this case, the district court applied a two-level increase to Mr. Requejo's offense level for possession of a stolen firearm, pursuant to U.S.S.G. § 2K2.1(b)(4)(A). Section 2K2.1(b)(4)(A) of the Guidelines provides for a two-level enhancement "[i]f any firearm . . . was stolen." This enhancement encompasses the possession of a stolen firearm. *United States v. Walters*, 269 F.3d 1207, 1218 (10th Cir. 2001).

Mr. Requejo's aiding and abetting argument appears to be premised on the notion that the Guidelines enhancement only may be properly applied in a situation where he *personally* possessed the stolen firearm. That notion is fundamentally misguided. Under the relevant conduct principles of the Guidelines, defendants qualify for sentencing enhancements not only based upon criminal conduct that they personally have undertaken but also based upon criminal conduct that, *inter alia*, they have aided and abetted. U.S.S.G.

§ 1B1.3(a)(1)(A) (noting that "specific offense characteristics," like the stolen firearms enhancement, "shall be" determined by reference to not only the acts "committed" by defendants, but also the acts that they have "aided" and "abetted").  Consequently, even if the record could only support a finding that Mr. Requejo aided and abetted Mr. Escobedo in the possession of the stolen firearm, that would be a sufficient basis for imposition of the § 2K2.1(b)(4)(A) enhancement.  *See United States v. Bolden*, 132 F.3d 1353, 1356 (10th Cir. 1997) ("These facts show that Bolden aided, abetted, and counseled an attempted *armed* bank robbery.  Bolden is therefore liable [for a firearm possession sentencing enhancement] for [his co-defendant] Stapleton's possession of a gun pursuant to the robbery plan."); *see also United States v. Ellis*, 525 F.3d 960, 964 (10th Cir.) (noting that defendant's belief is "incorrect" that Guidelines sentencing enhancements related to bank robbery do not apply to him "because he did not personally rob the bank"), *cert. denied*, 129 S. Ct. 318 (2008).

In any event, the record is not so limited.  It reflects that Mr. Requejo briefly personally possessed the stolen firearm, most notably during the period in which he inspected it and determined that it was not a 9mm.  Accordingly, there was ample evidence to support the § 2K2.1(b)(4)(A) enhancement.  We do note, however, that the district court neglected to explain its reasons for imposing the enhancement, nor did it expressly adopt the PSR's findings concerning the enhancement at the sentencing hearing.  We may assume, without definitively

-10-

deciding, that this failure constituted clear and obvious procedural error—that is, it satisfied the first two conditions for plain error review. *See* 18 U.S.C. § 3553(c) (requiring "[t]he court, at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence"); *United States v. Underwood*, 938 F.2d 1086, 1091–92 (10th Cir. 1991) ("We agree with the courts that have held that § 3553 subsection (c) . . . requires a district court to make a general statement of its reasoning for the sentence imposed. . . . Certainly the statement of reasoning does not have to be particularized, but, in this case, the court made no statement." (citation omitted)). However, Mr. Requejo still cannot satisfy the rigorous plain error test, because he cannot establish the third condition. In other words, Mr. Requejo cannot demonstrate that the district court's assumed procedural error affected his substantial rights.

"For an error to have affected substantial rights, the error must have been prejudicial." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005) (internal quotation marks omitted). An error is prejudicial when "there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Hasan*, 526 F.3d 653, 665 (10th Cir. 2008) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). Given the strong evidence that Mr. Requejo aided and abetted Mr. Escobedo in his possession of a stolen firearm and, in fact, personally

-11-

possessed the stolen firearm, Mr. Requejo cannot demonstrate a reasonable probability that, but for the assumed error by the district court in failing to make findings in support of the § 2K2.1(b)(4)(A) enhancement, the district court would not have imposed the enhancement (i.e., that the result of the proceeding would have been different). *Cf. United States v. Brown*, 164 F.3d 518, 522 (10th Cir. 1998) (holding that a district court's failure to make specific findings under predecessor to Federal Rule of Criminal Procedure 32(i)(3)(B) did not "rise to the level of obvious and substantial error"). Thus, Mr. Requejo's challenge to the stolen firearm enhancement is wholly without merit.

### 2. Possession of a Firearm in Connection with Another Felony Offense

Mr. Requejo also argues for the first time on appeal that the district court should not have applied a four-level increase to his base offense level for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6). Specifically, Mr. Requejo contends that he did not possess the gun when the police stopped him, that he did not know that Mr. Escobedo intended to trade the firearm for drugs, and that Mr. Escobedo was not a credible witness because he had an extensive criminal history and negotiated a deal for leniency with the government.

We review Mr. Requejo's challenge to this enhancement for plain error because Mr. Requejo failed to object to its application before the district court.

*Morris*, 562 F.3d at 1133. In this case, the district court applied a four-level increase to Mr. Requejo's offense level, pursuant to U.S.S.G. § 2K2.1(b)(6). Section 2K2.1(b)(6) of the Guidelines provides for a four-level increase in the base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed . . . any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

There is ample evidence in the record to support this enhancement. Despite Mr. Requejo's claim that he was not aware that Mr. Escobedo intended to trade the firearm for drugs, the government presented considerable evidence to the jury to the contrary. The PSR's findings reflected this evidence, and we discern no error in the district court's apparent decision to rest the enhancement upon this evidence. In particular, the government's evidence tended to establish that *the animating purpose for the theft of the firearm from the pawn shop (i.e., the federal firearms dealer) was to effect a trade of the firearm for illegal drugs and that Mr. Requejo understood this and, indeed, expected to receive some of the drugs*. Trading a firearm for illegal narcotics is a federal felony, proscribed by 18 U.S.C. § 924(c), because it involves the use of a firearm during and in relation to a drug trafficking offense. *Smith v. United States*, 508 U.S. 223, 241 (1993) ("We therefore hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)."); *see*

-13-

*Bailey v. United States*, 516 U.S. 137, 148 (1995) ("The active-employment understanding of 'use' certainly includes brandishing, displaying, *bartering*, striking with, and, most obviously, firing or attempting to fire a firearm." (emphasis added)).

Therefore, Mr. Requejo possessed the firearm and aided Mr. Escobedo in the possession of the firearm with the intention, or at the very least with reason to believe, that the firearm would be used or possessed in connection with another felony offense (i.e., the § 924(c) offense). As suggested by the relevant-conduct discussion *supra* Part II(A)(1), the fact that Mr. Requejo did not *personally* possess the firearm when the police stopped him is absolutely irrelevant to the question of whether he qualified for the § 2K2.1(b)(6) enhancement. It is enough that when the police stopped him Mr. Requejo was aiding and abetting Mr. Escobedo in his possession of the firearm, with the requisite intent or belief concerning involvement in another felony. And there was more than enough evidence for the district court to find that Mr. Requejo was doing just that.

Lastly, we reject Mr. Requejo's suggestion that the district court erred in crediting Mr. Escobedo's testimony. It was the province of the district court to evaluate the credibility of Mr. Escobedo, and the fact that Mr. Escobedo had an extensive criminal history and had entered into a plea agreement with the government would not as a matter of law have rendered his testimony unworthy of belief. *See United States v. Cook*, 949 F.2d 289, 296 (10th Cir. 1991) ("We

-14-

conclude that the district court's factual [sentencing] determination is supported by the record and that the information upon which the court relied [involving testimony of a criminal accomplice who was an illegal drug user and had negotiated a plea deal with the government] contains sufficient indicia of reliability."); *accord United States v. Frondle*, 918 F.2d 62, 64–65 (8th Cir. 1990) ("Frondle argues that Stearns was inherently unreliable, because he is allegedly a convicted felon and an informant with a self-interest in assisting the government. Stearns's credibility, however, is for the district court to determine, with due regard to Stearns's criminal past and self-interest in testifying. The district court was entitled to credit Stearns's testimony." (citations omitted)).

In sum, there was more than enough evidence to support the § 2K2.1(b)(6) enhancement. We observe that the district court failed to make even brief, general findings in support of the enhancement; notably, it failed to identify the additional felony offense at the sentencing hearing. However, even if we assume without deciding—as we did *supra* Part II(A)(1)—that the district court's failure to make even brief, general findings constitutes clear and obvious error (thus, satisfying the first two requirements for plain error review), it is beyond peradventure that Mr. Requejo cannot demonstrate that it is an error that we should notice. Specifically, he cannot establish that the district court's assumed procedural error affected his substantial rights—that there is a reasonable probability that, absent the assumed error, the sentencing outcome would have

-15-

been different. *E.g.*, *Hasan*, 526 F.3d at 665. The PSR expressly noted that the other felony offense that provided the basis for the enhancement was the § 924(c) offense, and our review of the sentencing hearing transcript gives us no reason to doubt that the district court was quite familiar with the PSR's contents. And there was in fact strong evidence to indicate that Mr. Requejo possessed, and aided and abetted Mr. Escobedo in the possession of, the firearm with the intent that it be used in connection with the § 924(c) offense (through bartering the firearm for narcotics). Accordingly, Mr. Requejo's challenge to the § 2K2.1(b)(6) enhancement is completely lacking in merit.

### 3. Obstruction of Justice

Mr. Requejo argues that the facts are insufficient to support the application of a two-level increase to his base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. We review the district court's findings of fact supporting the application of a particular Guidelines enhancement for clear error. *United States v. Mares*, 441 F.3d 1152, 1159–60 (10th Cir. 2006). "[T]o the extent the defendant asks us to interpret the Guidelines or hold that the facts found by the district court are insufficient as a matter of law to warrant an enhancement, we must conduct a de novo review." *United States v. Scott*, 529 F.3d 1290, 1300 (10th Cir. 2008) (alterations and internal quotation marks omitted).

Section 3C1.1 of the Guidelines provides for a two-level enhancement:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis omitted). The obstruction-of-justice enhancement applies to a defendant who commits perjury. *Id.* § 3C1.1, cmt. n.4(b); *Poe*, 556 F.3d at 1129–30. To establish that a defendant committed perjury, the district court must conclude that: (1) the defendant gave false testimony while under oath; (2) the false testimony concerned a material matter; and (3) the false testimony was willful and not the result of confusion, mistake, or faulty memory. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *Mares*, 441 F.3d at 1161 n.4. The district court must be "explicit about which representations by the defendant constitute perjury," *United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir. 2003), even though it need not "recite the perjurious testimony verbatim." *United States v. Massey*, 48 F.3d 1560, 1574 (10th Cir. 1995). If a defendant objects to the obstruction-of-justice enhancement at sentencing, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice." *Dunnigan*, 507 U.S. at 95.

In this case, the district court imposed an obstruction-of-justice enhancement, pursuant to U.S.S.G. § 3C1.1, after finding that Mr. Requejo had committed perjury at trial. The district court found by a preponderance of the

-17-

evidence that Mr. Requejo gave "false statements under oath concerning material matters with the willful intent to provide false testimony at this trial." R., Vol. 3, Tr. at 347 (Sentencing Hr'g, dated Jan. 7, 2009). Although the district court indicated that Mr. Requejo's statements met the three elements of perjury, it failed to identify or describe the perjurious testimony that it considered in imposing the enhancement. Absent this factual finding, the district court deprived us of any means to evaluate the "'findings of the elements of perjury against an identified line of questions and answers without having simply to speculate on what the district court might have believed was the perjurious testimony.'" *Hawthorne*, 316 F.3d at 1146 (quoting *Massey*, 48 F.3d at 1573).

Even though this procedural error typically results in the vacation of the sentence and a remand to the district court for further factual findings, *Massey*, 48 F.3d at 1574, these actions are not necessary in this case because the error is harmless. *United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir. 2008) ("In light of the district court's procedural errors, we must vacate [the defendant's] sentence unless those errors were harmless."), *cert. denied*, 78 U.S.L.W. 3360 (U.S. Dec. 14, 2009). "In this context, harmless error is that which did not affect the district court's selection of the sentence imposed." *Id.* (internal quotation marks omitted).

It does not appear from the record that the district court's ultimate sentence was to any significant degree tied to its determination concerning the obstruction-

-18-

of-justice enhancement and, thus, any error related to that enhancement would not have affected the sentence. The district court imposed a sentence of 63 months. It was well below the Guidelines range of 78–97 months that would have applied even if the district court had *not* granted the obstruction-of-justice enhancement and had left the offense level at twenty-six. The district court stated that a 63-month sentence was necessary for deterrence, given Mr. Requejo's prior 24-month sentence and his criminal history category. It emphasized that a sentence of a little over five years was appropriate because that length of time was enough to permit Mr. Requejo to decide if he wanted to acquire job skills and to adopt a non-criminal lifestyle. In this regard, the court stated, "if he can't get his act together in five years, I don't know what to say to you." R., Vol. 3, Tr. at 362. Nothing in the record suggests that the district court would have imposed a lesser sentence had it decided not to apply the obstruction-of-justice enhancement. Thus, this procedural error is harmless, and Mr. Requejo is not entitled to resentencing.

### B.     Substantive Reasonableness

Mr. Requejo never argues that his sentence is substantively unreasonable. Although Mr. Requejo makes no claim that his sentence is too long, in light of the factors enumerated in 18 U.S.C. § 3553(a), we will evaluate its substantive reasonableness because Mr. Requejo's counsel raised it as a potential appealable issue.

"[A] within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008). "[W]hen the district court varies from the advisory Guidelines range through application of the § 3553(a) factors, we simply consider whether the length of the sentence is substantively reasonable utilizing the abuse-of-discretion standard." *Id.* at 1216 (citation omitted).

In this case, the district court varied downward from the applicable Guidelines range. The record establishes that the district court considered the relevant sentencing factors in 18 U.S.C. § 3553(a) and ultimately imposed a sentence of 63 months instead of a sentence within the applicable Guidelines range of 97–121 months. As suggested by the discussion *supra* Part II(A)(3), the district court reasonably could have concluded that no further downward variance was warranted in Mr. Requejo's case. Thus, giving due deference to the district court's decision to vary downward, we conclude that Mr. Requejo's sentence was substantively reasonable in light of the factors identified in 18 U.S.C. § 3553(a).

## III.    Ineffective Assistance of Counsel

Mr. Requejo also claims that he received ineffective assistance of counsel.[3] "'Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.'" *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)); *see Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."). Although ineffective assistance claims "'brought on direct appeal are presumptively dismissible,'" *Samuels*, 493 F.3d at 1193 (quoting *Galloway*, 56 F.3d at 1240), we may review such claims in "rare" cases where the factual record is sufficiently developed. *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008). Even if the record is sufficient, however, a collateral proceeding is preferable because "[a]n opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) (internal quotation marks omitted).

---

[3]    Mr. Requejo asserts that his trial counsel ineffectively represented him by (1) attempting to convince him to accept a plea agreement; (2) not trying to find the truth; and (3) not keeping him updated on the case. He also claims that his appellate counsel ineffectively assisted him by not contesting the obstruction-of-justice enhancement on appeal.

In this case, Mr. Requejo's ineffective assistance claim is premature. We have neither a sufficiently developed factual record nor an opinion of the district court on this issue. Thus, we dismiss this claim without prejudice to subsequent attempts to raise it in collateral proceedings.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the conviction and sentence, **DISMISS** the ineffective assistance claim without prejudice, and **GRANT** counsel's motion to withdraw.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge