**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOMMY R. NELSON,

    Defendant - Appellant.

No. 98-2102

D. New Mexico

(D.C. No. CR-97-77-JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Following a bench trial, Tommy R. Nelson was convicted on three counts of residential burglary which occurred on the Navajo Indian Reservation. He now

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the sentence imposed, contending that the district court erred because it assigned the sentencing stage of his case to a substitute judge who had not presided over his trial, and because the substitute judge who actually imposed sentence failed to read the trial transcript or to certify familiarity with the case. He also contends that the court erred by applying federal sentencing guidelines instead of New Mexico sentencing provisions. We affirm.

**BACKGROUND**

On February 5, 1997, a federal grand jury returned an indictment charging Nelson with three counts of residential burglary in violation of N.M. Stat. Ann. § 30-16-3(A) (Michie Repl. Pamp. 1994); the Assimilative Crimes Act, 18 U.S.C. § 13; and the Indian Major Crimes Act, 18 U.S.C. § 1153. The indictment also charged him with three counts of larceny in excess of $2500, in violation of 18 U.S.C. §§ 13 and 661. The case was assigned to United States District Judge James A. Parker. Nelson waived his right to a jury trial, following which the court notified the parties that the case would be tried by a visiting judge from the Fifth Circuit. A one-and-a-half-day trial was held on November 17-18, 1997, before the Honorable Peter Beer, Senior United States District Judge from the

Eastern District of Louisiana.[1]  Judge Beer acquitted Nelson of the three larceny counts, but found him guilty of the three counts of residential burglary.

Sentencing was set for March 11, 1998, before Judge Parker.  Nelson filed a motion requesting that sentence be imposed and rulings on post trial motions be made by Judge Beer, who had presided at trial.  He also filed a motion objecting to the application of the sentencing guidelines, claiming that the crimes for which he was convicted were state rather than federal crimes.  On March 11, 1998, Judge Parker orally denied Nelson's post trial motions, and he sentenced Nelson to seventy-two months' imprisonment.

## DISCUSSION

As his first two claims of error, Nelson contends that Fed. R. Crim. P. 25(b) was violated when Judge Parker was reassigned to the case for sentencing purposes; and he further contends that Judge Parker had insufficient familiarity to impose a sentence.  In particular, Nelson complains that Judge Parker had not read the transcript of the trial.  We review a substitute judge's decision to impose sentence pursuant to Rule 25(b) for abuse of discretion.  See United States v. Spinney, 795 F.2d 1410, 1413-14 (9th Cir. 1986); United States v. Whitfield, 874

---

[1]We GRANT the government's unopposed motion to supplement the record on appeal with a copy of the Order which designated and assigned Judge Beer to perform judicial duties in the District of New Mexico.

F.2d 591, 593 (8th Cir. 1989); United States v. Niemiec, 611 F.2d 1207, 1212 (7th Cir. 1980).

Under Fed. R. Crim. P. 25(b), in the event of the absence of the judge before whom the defendant was tried, any judge regularly sitting in the district may sentence the defendant.[2] The term "absence" is not qualified. However, the Advisory Committee Notes to the 1966 Amendment make it clear that absence due to geographical distance is sufficient.[3] In this case, Judge Beer would have been required to travel hundreds of miles back from Louisiana in order to preside over the sentencing. Accordingly, we conclude that Judge Parker did not abuse his discretion either when he denied Nelson's motion for Judge Beer to preside over

---

[2]Fed. R. Crim. P. 25(b) provides as follows:

> After Verdict or Finding of Guilt. If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at the trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial.

[3]According to the Advisory Committee Notes to the 1966 Amendment, "[t]he words 'from the district' [were] deleted to permit the local judge to act in those situations where a judge who has been assigned from within the district to try the case is, at the time for sentence, etc., back at his regular place of holding court which may be several hundred miles from the place of trial." Based on the Committee's clear statement, we reject Nelson's argument that the rule is not intended to operate in situations created by the temporary assignments and designations of judges under 28 U.S.C. §§ 291 or 294, and the "artificial" absences created by the termination of those assignments.

-4-

all post-trial matters, or when he personally presided over the sentencing stage of Nelson's case.

Next, respecting Nelson's claim that Judge Parker lacked sufficient familiarity to impose sentence, we note that this case was not complicated. While Nelson correctly points out that Judge Parker did not have access to the trial transcript at the time of sentencing, and that he failed to certify his familiarity, Rule 25(b) imposes no such requirement on the sentencing judge. Rather, in imposing the sentence, Judge Parker could properly rely on the comprehensive presentence investigation report ("PSR") which set forth the offense and the critical evidence adduced at trial, including the trial court's findings that the government had failed to prove that any personal property was stolen. See Whitfield, 874 F.2d at 593. In this case, Judge Parker indicated that he had fully reviewed the PSR and also that he had read all correspondence which had been submitted. Additionally, Judge Parker specifically asked the parties if there were any further written materials which he needed to review.[4] Such a record indicates

---

[4]Both the government and Nelson answered, "No." However, we note that the hearing transcript clearly indicates that Nelson's counsel believed that the court had read a transcript of the trial proceedings. As we have concluded, in the circumstances of this straightforward case, such a reading was unnecessary, and, in any event, Nelson points to no portion of the transcript which might have been critical to, or which might have altered, the actual sentencing decision.

that Judge Parker possessed sufficient familiarity with the critical aspects of the case.

Moreover, the record demonstrates that Judge Parker exercised informed discretion in imposing the sentence. Specifically, the judge set a sentence of seventy-two months, which is close to the seventy month minimum permitted under the sentencing guidelines, and he did not impose restitution for any of the alleged, but unproved, personal property loss claims. See id.; Spinney, 795 at 1414. Accordingly, we find no abuse of discretion.

As his final claim on appeal, Nelson contends that the court improperly applied the sentencing guidelines. He argues that because the crimes of conviction are defined by New Mexico statute, he should have been sentenced according to state rather than federal law. We review de novo the district court's application of the guidelines. United States v. McClelland, 141 F.3d 967, 973 (10th Cir. 1998).

As the government correctly responds, Nelson was convicted of federal crimes in a federal court under the Assimilative Crimes Act, 18 U.S.C. § 13, and the Indian Major Crimes Act, 18 U.S.C. § 1153. Although the crimes of conviction were defined under state law, prosecution under the Assimilative Crimes Act is not intended to enforce state law, but to enforce federal law that assimilates a state statute. See United States v. Sain, 795 F.2d 888, 891 (10th Cir.

1986). Moreover, we have previously held that the guidelines apply to cases brought under the Assimilative Crimes Act, provided that "the sentence imposed may not exceed any maximum sentence and may not fall below any mandatory minimum sentence that is required under the law of the state in which the crimes occur." United States v. Garcia, 893 F.2d 250, 251-52 (10th Cir. 1989); accord United States v. Kaneakua, 105 F.3d 463, 466 (9th Cir. 1997); United States v. Coleman, 38 F.3d 856, 859 (7th Cir. 1994); see also 18 U.S.C. § 3551(a).[5] Accordingly, we conclude that the district court did not err when it imposed sentence according to federal sentencing guidelines.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[5]On November 29, 1990, Congress amended 18 U.S.C. § 3551(a) so that the Assimilative Crimes Act and the Indian Major Crimes Act are now expressly included in that section's purview, and the sentencing guidelines are expressly applied to defendants convicted under those provisions. See United States v. Thomas, 68 F.3d 392, 394 (10th Cir. 1995); cf. United States v. Bear, 932 F.2d 1279, 1282 n.1 (9th Cir. 1990) (noting that its decision applied the law in effect at the time of sentencing and, hence, did not consider the effect of the 1990 amendment to § 3551(a), by which "Congress has made the Guidelines applicable to those convicted pursuant to the Indian Major Crimes Act").