**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2002**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONALD MILLER,

      Defendant-Appellant.

No. 01-2368
(D.C. No. CR-01-394)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Ronald Miller brings this case on direct, expedited appeal seeking reversal

of the sentence imposed by the district court and remand for a new sentence.  For

the reasons set forth below, we reverse and remand for re-sentencing in

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* FED. R. APP. P. 34(f); 10th Cir. R. 34.1(A)(2).  The case is therefore ordered submitted without oral argument.     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

accordance with this opinion.

In June, 2001, Ronald Miller pled guilty to two counts of mail fraud for crimes committed in August and October of 1999. The government, in preparing its presentence report, used the 2000 edition of the United States Sentencing Guidelines. That edition included an amendment to section 2F1.1 governing crimes of fraud and deceit. The amendment, effective November 1, 2000, added a specific offense characteristic mandating a two-level increase in the offense level for crimes that involve identity theft. U.S.S.G. § 2F1.1(b)(5)(C) (2000). Because Mr. Miller's crimes involved identity theft, the presentence report recommended a two level increase in his offense level. The district court adopted the findings and recommendations of the presentence report. Mr. Miller did not object to the presentence report or the guideline range at sentencing. The court imposed a sentence of fifteen months in prison.

On appeal, Mr. Miller contends that the district court erred in applying a specific offense characteristic that did not take effect until after he committed the crime to which he pled guilty and for which he was sentenced.[1] This court reviews questions of law regarding an application of the sentencing guidelines de novo and findings of fact under the clearly erroneous standard. *United States v.*

---

[1] Because we reverse and remand on the basis of Mr. Miller's ex post facto claim, we need not and do not rule on his ineffective assistance of counsel claim.

*Wiseman*, 172 F.3d 1196, 1217-18 (10th Cir. 1999). In a case such as this, where trial counsel did not object to the issue now being raised for the first time on appeal, we review for plain error. *United States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997). Plain error exists when there is (1) an error, (2) that is plain, and (3) that affects substantial rights. *Jones v. United States*, 527 U.S. 373, 389 (1999). When all three conditions are met, we may exercise our discretion only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). In cases where a constitutional error is at issue, we apply the plain error rule less rigidly. *United States v. Gerber*, 24 F.3d 93, 95 (10th Cir. 1994).

The sentencing court generally applies the sentencing guidelines that are in effect on the date of sentencing. *Id.* However, if retroactive application of an amended sentencing guideline is to a defendant's disadvantage, then such application violates the ex post facto clause. *United States v. Orr*, 68 F.3d 1247 (10th Cir. 1995); *see also Miller v. Florida*, 482 U.S. 423, 430 (1987). An ex post facto law is, *inter alia*, one that inflicts greater punishment for an offense than the law existing when the offense was committed. *United States v. Patzer*, 15 F.3d 934, 942-43 (10th Cir. 1993).

In the present case, the amendment to the guidelines did not take effect until November 1, 2000, more than a year after Mr. Miller committed the offenses

in question. The amendment had the effect of increasing Mr. Miller's total offense level from 11 to 13. When combined with his category I criminal history, application of the amendment increased the sentencing range from one of 8 to 14 months to one of 12 to 18 months. It also had the effect of shifting Mr. Miller's guideline range from Zone C to Zone D, thus requiring him to serve his entire term in prison. U.S.S.G. § 5C1.1(f). A Zone C sentence may be satisfied by serving half of the imposed term in community confinement or home detention. U.S.S.G. § 5C1.1(d)(2). The sentencing court applied the amendment to events occurring before its enactment, and such application "disadvantage[d] the offender affected by it." *Miller*, 482 U.S. at 430. Such application constitutes a violation for the ex post facto clause.

We hold that in so applying the amendment in Mr. Miller's case, the sentencing court committed plain error. To apply the amendment in violation of the ex post facto clause is an error, the error is plain, and its application affects substantial rights. *Jones*, 527 U.S. at 389. To uphold an unconstitutional sentence would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). This is especially so when, as here, the government agrees with the defendant and requests we vacate the sentence and remand for re-sentencing.

Accordingly, we **REVERSE** the district court and **REMAND** the case for re-sentencing in conformance with the Sentencing Guidelines and consistent with this opinion.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge