UNITED STATES of America,
Appellee,

v.

Luis A. TODD–MURGAS, also known as Little Louie, also known as Sealed Defendant # 3, Raul Antonio Cordoba–Murgas, also known as Strawberry, Defendants–Appellants,

Luis A. Murgas, also known as Sealed Defendant # 1, also known as Big Louie, also known as Barosa, Luis E. Cordoba–Murgas, also known as Carlos, also known as Negro, also known as Sealed Defendant # 2, Cesar A. Todd–Murgas, also known as Tony, also known as Pepita, also known as Sealed Defendant # 4, Ruben A. Todd–Murgas, also known as Sealed Defendant # 5, Jose C. Dominguez, also known as Pachito, also known as Sealed Defendant # 6, Gilberto Arce, also known as Sealed Defendant # 7, also known as Luigi Santiago, Jason Jones, also known as Sealed Defendant # 8, Vincente Rogers, also known as Mr. Santos, also known as Sealed Defendant # 9, Tiffany Gaudi-

not, also known as Sealed Defendant # 10, Tricia Irving, also known as Sealed Defendant # 11, Dennis Calandra, Jr., Defendants.[1]

No. 08–4885–cr.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

1. The Clerk of the Court is directed to amend the caption to read as shown above.

Lawrence Gerzog, New York, NY, for Luis A. Todd–Murgas.

Elizabeth S. Riker, Assistant United States Attorney (Grant C. Jaquith, Assistant United States Attorney, on the brief), for Andrew T. Baxter, United States Attorney for the Northern District of New York, Syracuse, NY.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Todd–Murgas was convicted, following a guilty plea, of conspiracy to distribute and to possess with intent to distribute powder and crack cocaine. *See* 21 U.S.C §§ 841(a)(1), 846. Originally sentenced to a term of 188 months' incarceration, he here appeals (1) the higher 207–month sentence imposed on initial remand by Judge Munson, and (2) the decision of Chief Judge Mordue on a subsequent *Crosby* remand not to modify that sentence. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1. *The Increased Sentence*

On Todd–Murgas's initial appeal, this court affirmed his conviction but vacated the sentence, identifying error in the district court's requirement that the government prove uncharged conduct relevant to sentencing—specifically, Todd–Murgas's alleged role in two drug-related murders—by clear and convincing evidence. *See United States v. Cordoba—Murgas*, 233 F.3d 704 (2d Cir.2000). On remand, the district court found the homicidal conduct proved by the appropriate preponderance standard and, on that ground, sentenced Todd–Murgas to 207 months' incarceration, a term 19 months longer than originally imposed but still within his Guidelines range of 188 to 235 months.

■ Todd–Murgas submits that the sentence violated this court's remand mandate, which he construes to allow an up-

ward departure from the Guidelines sentencing range pursuant to U.S.S.G. § 5K2.1, but not a higher sentence within the Guidelines range.[3] The argument merits little discussion. Our mandate clearly vacated judgment, requiring the district court to resentence defendant after it decided whether the alleged relevant conduct was proved by a preponderance of the evidence. Todd–Murgas agrees that this mandate clearly empowered the district court to rely on such proved conduct to impose a sentence *above* the Guidelines range. To suggest that the mandate did not permit the more modest action of imposing an increased sentence *within* the Guidelines range is not only wrong; it is absurd. *See generally United States v. Carpenter*, 320 F.3d 334, 344–45 (2d Cir. 2003) (observing that district court properly follows "spirit" of mandate rather than "letter" to avoid injustice).

■ Todd–Murgas further argues that the increased sentence is presumptively vindictive because it was based on the same evidence that was before the court at the time of the original sentencing. The argument fails because, following our mandate on remand, the district court applied a lesser burden of proof to its review of this evidence. Where an increased sentence is based on a "changed understanding of the law," a defendant is afforded no presumption of vindictiveness; he must demonstrate "actual vindictiveness." *United States v. Singletary*, 458 F.3d 72, 76–77 (2d Cir.2006) (internal quotation marks omitted). Todd–Murgas fails to point to anything in the record suggesting vindictiveness. Accordingly, we identify

---

**3.** Although we did not address Todd–Murgas's challenges to his increased sentence when he first raised them in this court—employing a *Crosby* remand first to ascertain whether the

district court would resentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)—we do so here in the interest of efficiency.

no error in the district court's imposition of a higher sentence on our initial remand.

### 2. Crosby Remand

■Todd–Murgas argues that the district court erred in not following the procedures outlined in *United States v. Garcia,* 413 F.3d 201, 228–30 (2d Cir.2005), for a *Crosby* remand when a case is reassigned to a new judge. Because *Crosby* remands to successor judges are rare, district courts seldom have occasion to consider and apply these procedures. In this case, Todd–Murgas charges that the district court erred in failing to (1) review the full record of the original sentencing, (2) compare the original sentence to the sentence it would have imposed in light of *Booker,* and (3) produce the defendant in open court.

We address the last point first. In holding that a *Crosby* remand could proceed before a judge other than the one who imposed the challenged sentence, *Garcia* identified an important condition: the new "judge *must* order the defendant produced in open court ... and *must* afford him an opportunity to be heard," 413 F.3d at 230 (emphasis added). The government does not dispute that Todd–Murgas was not produced before Chief Judge Mordue (to whom this case was reassigned from Judge Munson after the *Crosby* remand); rather, it argues that the quoted condition is *dictum.* The government is mistaken. The identified procedures are pivotal to our holding that, even when a *Crosby* remand cannot proceed before the original sentencing judge, a successor judge can reliably tell us whether a *Booker* error was harmless, without which reliable assurance we would be required to order resentencing. *See United States v. Garcia,* 413 F.3d at

229–30. Because we cannot confidently conclude that the failure to produce Todd–Murgas and to afford him an opportunity to address the court had no effect on the district court's *Crosby* response, we reluctantly remand this case yet again so that this *Garcia* requirement can be satisfied.[4]

■ In light of this decision, Todd–Murgas's other procedural challenges require little discussion. The record indicates that Chief Judge Mordue carefully reviewed all materials relevant to the prior sentencing in this case. In such circumstances, we will not assume from a failure explicitly to reference "statements made by the original sentencing judge indicating an inclination to show greater leniency or severity but for the Guidelines mandates," *United States v. Garcia,* 413 F.3d at 229 n. 19, that the court overlooked such materials, *see United States v. Brown,* 514 F.3d 256, 264 (2d Cir.2008) (observing that sentencing judge need not engage in "robotic incantations" or "slavishly follow any particular formula" to demonstrate consideration of required sentencing factors (internal quotation marks omitted)). Nevertheless, on remand, the district court and the parties may pursue the matter further as warranted.

■ We are similarly disinclined to think that the able district judge failed to perform the comparative analysis detailed in *Garcia. See* 413 F.3d at 229 (observing that "necessary comparative assessment is most clearly made if the new judge states whether the sentence that judge would have imposed with the benefit of *Booker* is or is not the same as the challenged sentence"). Here again, any doubt can easily

4. In *Garcia,* we recognized that, with the consent of the court, the defendant and the government may waive defendant's appearance at a *Crosby* remand proceeding before a successor judge, 413 F.3d at 230, but no such waiver occurred in this case.

be assuaged on remand by a clear statement.[5]

In sum, although we identify no merit in Todd–Murgas's challenges to the district court's imposition of a higher sentence within the Guidelines range on the initial remand in this case, we REMAND once again for further *Crosby* proceedings consistent with this order.

5. With the benefit of the Supreme Court's decisions in *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it should now be clear that a district court's task on a *Crosby* remand is not simply to assess the reasonableness of the original sentence. *See, e.g., United States v. Jones*, 531 F.3d 163, 182 (2d Cir.2008) (observing that, in wake of *Kimbrough* and *Gall*, district court must make independent, individualized assessment of appropriate sentence without presuming reasonableness of Guidelines range). Reasonableness is the standard of appellate review. *See United States v. Cavera*, 550 F.3d 180, 190–91 (2d Cir.2008) (*en banc*). On a *Crosby* remand, a district court should indicate whether, with a proper understanding of the advisory nature of the Guidelines and its discretion in weighing the relevant factors identified in 18 U.S.C. § 3553(a), it would have imposed the same sentence.