FILED
United States Court of Appeals
Tenth Circuit

April 2, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN DEDIOS FIGUEROA-MIJARES,

Defendant–Appellant.

No. 12-3216

(D.C. No. 2:11-CR-20033-CM-1)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). This case is therefore ordered submitted without oral argument.

Defendant Juan Figueroa-Mijares pled guilty to conspiracy to distribute more than fifty grams of methamphetamine, possession with the intent to distribute more than fifty grams of methamphetamine, and illegal reentry subsequent to removal for an aggravated felony. Defendant was sentenced to 97 months' imprisonment, the middle of what

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant concedes was the appropriate guideline range of 87 to 108 months. He now appeals, arguing the sentence imposed by the district court was substantively unreasonable.

"'When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (quoting *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010)). If the sentence is within the correctly calculated guideline range, it "is entitled to a rebuttable presumption of reasonableness on appeal." *Id.* (internal quotation marks omitted). "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Defendant challenges the substantive reasonableness of his sentence on two grounds. First, he argues the district court gave improper consideration to the purity of the methamphetamine, which was already figured into the guideline calculation, and failed to consider his positive characteristics, resulting in a substantively unreasonable sentence. Second, he argues the 97-month sentence did not follow the parsimony principle because "[a] sentence of 87 months instead of 97 months is, certainly, just"; "there is nothing to indicate that a 97 month sentence would provide more specific

deterrence . . . than a[n] 87 month sentence"; and "the utility of a 97 month sentence as opposed to an 87 month sentence for purposes of protecting the public is lessened" by the five-year term of supervised release imposed by the court. (Appellant's Opening Br. at 14, 15.)

After a thorough review of the record, we conclude Defendant's sentence is not substantively unreasonable. The district court noted it was "required to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing." (R. Vol. II at 90.) The district court then considered Defendant's "reasons why he believes [an 87-month sentence] is appropriate," as well as the fact that "defendant was a seller of extremely pure methamphetamine," "has a prior felony conviction for illegal entry in the United States," and "has illegally reentered the country" a "number of times." (*Id.* at 90-91.) Taking these circumstances and the § 3553(a) factors into account, the district court concluded a sentence of 97 months "reflects the seriousness of the offense, promotes respect for the law, . . . provides just punishment," and "should afford adequate deterrence and protect the public from further crimes of the defendant." (*Id.* at 91-92.) Although, as Defendant argues, an 87-month sentence might also have been reasonable, we see nothing in the district court's determination that would constitute an abuse of discretion. *See United States v. Yellowbear*, 382 F. App'x 715, 722 (10th Cir. 2012) ("While the district court must employ the 'sufficient, but not greater than necessary,' parsimony principle in crafting a sentence, we review the sentence only for reasonableness.").

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge